IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

KYNDRYL, INC., )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
v. ) Case No. 23-03279-CV-S-BP
　　　　　　　　　　　　　　　　)
VINCENT CANNADY )
　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

**ORDER**

In this suit, Plaintiff asserts Defendant misappropriated trade secrets, breached a contract, and converted Plaintiff's property. (Doc. 1.) The Court has issued a Temporary Restraining Order, ("TRO"), which bars Defendant from disclosing certain information he obtained from Plaintiff, (Doc. 8), and the TRO remains in effect. (Doc. 11.)[1] Plaintiff has asserted a counterclaim, (Doc. 19), alleging Defendant's suit violates his constitutional rights and that Defendant violated his rights under Title VII of the Civil Rights Act. Several unrelated Motions are pending, and the Court deems it appropriate to address them in a single Order.

**I. Defendant's Motion for ECF Filing Access**

Defendant is proceeding pro se, and he filed a Motion seeking permission to file documents electronically. The Motion, (Doc. 16), is **MOOT**. The federal judiciary has established a mechanism to allow pro se parties to file documents electronically, and Defendant has availed himself of that opportunity. Therefore, an Order is not necessary.

---

[1] The Court attempted to schedule a hearing after the TRO was entered, but Defendant opposed having one. (*See, e.g.*, Doc. 11; Doc. 17.) As the hearing was intended for Defendant's benefit, the Court granted Defendant's requests and a hearing has not been held. At the same time, to prevent Defendant's preference against a hearing from harming Plaintiff's interests, the Court directed that the TRO will remain in effect pending further Order of the Court.

Plaintiff responded to Defendant's Motion, arguing (1) Defendant's filing access should be revoked, (2) the Clerk of Court should file all documents on Defendant's behalf, and (3) it should be allowed to review Defendant's filings before they are filed by the Clerk of Court. Plaintiff justifies this unusual procedure by pointing out:

- Defendant threatened to disclose its trade secrets domestically before the suit was filed;
- Defendant threatened to disclose its trade secrets in foreign countries after the TRO was entered; and
- Defendant has filed documents Plaintiff originally filed under seal.

(Doc. 28, p. 3.)[2] However, the fact Defendant threatened to disclose trade secrets before the case was filed is not probative; if it were, restrictions would be justified in practically every trade secret case. While Defendant expressed the (incorrect) belief that the TRO is less limiting than it really is, there is no indication that he has acted on this belief,[3] or that he has violated the TRO.[4] Finally, the Court attaches little significance to Defendant publicly refiling documents Plaintiff filed under seal because those documents, (Docs. 19-6, 19-7, 19-8, 19-9), (1) likely should not have been sealed in the first place and (2) do not contain trade secrets. Finally, the Court observes the procedure Plaintiff proposes, (*see* Doc. 28, pp. 4-5), is quite involved and will unnecessarily prolong the litigation by subjecting everything Defendant wishes to file to pre-filing scrutiny by the Court and Plaintiff.

For these reasons, (1) Defendant's Motion for ECF Filing Access is **MOOT** and (2) the Court denies Plaintiff's request to restrict Plaintiff's ability to file documents.

---

[2] All page numbers are those generated by the Court's CM/ECF System.

[3] The Court will further discuss the TRO's scope when it addresses Plaintiff's Motion to Amend the TRO, below.

[4] Of course, the Court's view could change if these facts change.

## II. Defendant's Motions for ADA Accommodations

Defendant has filed two Motions seeking accommodations under the Americans with Disabilities Act, (the "ADA"). Both Motions, (Doc. 33 and Doc. 38), are **DENIED**.[5]

Defendant alleges that, due to PTSD and related anxiety and panic attacks, he cannot personally appear for any hearings or trials, nor can he participate in hearings or conferences by video or telephone. He also claims that he needs extra time to respond to motions, and requests a blanket, 50% extension to all of his deadlines.[6]

The ADA applies to "public entities," 42 U.S.C. § 12132, but the federal judiciary is not a "public entity" within the meaning of the ADA. 42 U.S.C. § 12131(1).[7] Nonetheless, the Court strives to provide reasonable accommodations—but the accommodations Defendant seeks are not reasonable. First, the Court cannot decree that there will never be a hearing, trial, or other proceeding requiring Defendant's participation.[8] Given the nature of the Court's operations and how lawsuits are conducted, such a commitment is impossible. Second, the note from three years ago indicating Plaintiff needs "time and a half for education purposes" does not necessarily suggest all deadlines—including deadlines outside of an educational setting—need to be extended. Regardless, the request for a blanket extension of all deadlines is unreasonable. Some deadlines, particularly for routine matters, likely need not be extended—but doing so will unnecessarily

---

[5] Defendant suggests the Court's prior cancellation of hearings, (*see* footnote 1, above), demonstrates it has already agreed these accommodations are appropriate. (*See, e.g.*, Doc. 37-1, p. 2.) This is incorrect; the Court simply granted Defendant's request to cancel hearings that were purely for his benefit.

[6] Defendant also requests that all hearings be on the Record, but this is not really an accommodation as contested hearings are always on the Record.

[7] The federal judiciary also is not a "program or activity" under the Rehabilitation Act. *See* 29 U.S.C. § 794(b).

[8] The Court expresses no view on whether Defendant has substantiated the need for such an accommodation.

prolong the case. As is the case for all litigants, Defendant is free to request a reasonable extension of time to respond in those specific instances in which he needs more time.

### III. Defendant's Motion for Extension of Time to Answer

Defendant's Motion for Extension of Time to Answer, (Doc. 27), is **GRANTED**. Defendant shall have until and including November 3, 2023, to file his Answer to the Complaint.

### IV. Defendant's Motion for Extension of Time to Respond

Defendant has filed a Motion for Extension of Time directed to two different matters. The Motion, (Doc. 43), is **DENIED**.

First, Defendant seeks more time to address Plaintiff's original Motion to Seal. The Motion was filed when the suit was initiated on September 1. The Court originally directed Plaintiff to provide more explanation by September 21 and granted Defendant fourteen days thereafter to provide his input. (Doc. 17, p. 2.) On September 21, the Court granted the parties' request to extend those deadlines and directed Plaintiff to explain by October 9 why all documents it had filed under seal should remain sealed. (Doc. 24, ¶ 2.) The Court also gave Defendant until October 23 to respond and further stated "[t]he deadlines in this paragraph are not likely to be extended." (*Id.*) On October 4, the Court further extended these deadlines, stating Plaintiff should explain why the documents should remain sealed by October 19 and Defendant could respond by November 1. This time, the Court advised "[t]he deadlines . . . will not be extended." (Doc. 24, ¶ 2.)

Plaintiff filed its response, and Defendant now seeks additional time to file his. However, requests to seal documents are not typically adversarial. Moreover, they should typically be resolved quickly so they do not unnecessarily slow the case's progress. The Court discerns no reason to give Defendant more time.

Plaintiff has filed a separate Motion to Seal, which asks the Court to allow it to file its Motion for Preliminary Injunction and related documents under seal. Defendant asks for more time to oppose this Motion. As explained in the prior paragraph, such motions are not typically adversarial, and Defendant's request is denied.

### V.  Plaintiff's Motion to Seal

Plaintiff's Motion to Seal, (Doc. 42), seeks leave to file Plaintiff's Motion for Preliminary Injunction under seal. The Motion to Seal is **DENIED**.

The Court has twice referenced a leading Eighth Circuit case that addresses sealing and redaction in documents filed with a court. (Doc. 17, p. 2; Doc. 26, ¶ 2.) That case holds that filings with the Court are "presumptively public," and the presumption can be overcome based on a specific need to protect specific information. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). Moreover, as the Court previously explained, it is required to "consider other steps that will, to the extent possible, preserve the public's right of access to the Court's records," such as redaction. (Doc. 17, p. 2 (citing *IDT Corp.*).)

Plaintiff does not state a specific reason to seal its Motion for Preliminary Injunction. Instead, it generally alleges the Motion for Preliminary Injunction, the Suggestions in Support, and the Exhibits "include certain facts indicating materials subject to a confidentiality agreement have been taken, characteristics of those materials, and that Defendant . . . is threatening to disclose such materials . . . ." (Doc. 42, p. 1.) Plaintiff also cites the general need to protect trade secrets. However, Plaintiff does not identify anything specific in its planned filings that justifies sealing them. Moreover, Plaintiff's justification is overly broad, as there is no authority for sealing allegations that trade secrets have been taken or that a defendant is threatening to disclose them. Trade secrets should be kept from public view; cases about trade secrets are not to be kept from

- 5 -

Case 6:23-cv-03279-BP   Document 45   Filed 10/25/23   Page 5 of 9

public view just because they involve trade secrets. For that matter, a general description of a trade secret, (such as identifying the secret as "financial data," "a chemical formula," or the like) does not justify sealing or redaction.

The Court has reviewed the documents Plaintiff wishes to seal. Many of them clearly should not be sealed. For others, redaction may be appropriate; the Court lacks the expertise and input from Plaintiff to know. If Plaintiff believes a document should be sealed, it must specify the document and explain why it should be sealed. If Plaintiff believes a document should be redacted, it must specify the portions that should be redacted and explain why redaction is appropriate. But sealing is not justified simply because Plaintiff has asserted claims for misappropriation of trade secrets.

## VI. Plaintiff's Motion to Amend the TRO

Finally, the Court addresses Plaintiff's Motion to Amend the TRO. That Motion, (Doc. 18), is **GRANTED IN PART** and **DENIED IN PART**.[9]

First, Plaintiff asks that the TRO be amended or clarified to confirm the TRO's scope in light of statements made by Defendant. For instance, in an email dated September 5, 2023, Defendant expressed the view that the TRO prevents him from disclosing the documents he obtained but does not prevent him from disclosing the information they contain. (Doc. 19-7, p. 1.) In another email dated the same day, Defendant opined that the TRO "only is in effect in the USA" (Doc. 19-9, p. 1.) And, in a document he filed with the Court, he opined that the TRO "has no force of Law in any Country other than the United States of America." (Doc. 10, p. 3.)

---

[9] In his opposition, (Doc. 21), Defendant does not address Plaintiff's arguments. Instead, he asserts his rights under the First Amendment (specifically, the provisions protecting freedom of the press) require that the TRO be dissolved. The Court disagrees; the First Amendment does not permit Plaintiff to take another party's information for his use, or to take another party's trade secrets and use or publish them.

Given Defendant's statements, the Court deems it appropriate to formally state his understanding of the TRO is incorrect. He is forbidden from "disclosing any information or publicly filing any *information* or *materials* downloaded from Kyndryl or pertaining to its information systems or potential infrastructure vulnerabilities." (Doc. 8, pp. 4-5 (emphasis added).) Thus, the TRO does not apply to just the materials he possesses; it extends to the information contained in those materials. Moreover, Defendant is incorrect when he suggests the TRO permits him to send the material outside the country. The TRO applies to Defendant and forbids him from "disclosing" information or materials; the TRO does not limit its scope to disclosures to people and organizations in the United States.

Next, Plaintiff provides a list of additional restrictions it believes should be added to the TRO, but most of them are already covered by the TRO. For instance, Plaintiff asks that the TRO be amended to clarify that Defendant may not disclose Plaintiff's information to the *The Washington Post* or *The Kansas City Star*. The Court believes the restrictions Plaintiff proposes are already encompassed by the TRO. However, the Court will add one of the additional restrictions suggested by Plaintiff: Defendant is prohibited from making copies of the materials or information described in the TRO.

Plaintiff next asks the Court to order Microsoft Corporation to freeze a specific OneDrive account. Plaintiff has established Defendant downloaded materials to the OneDrive account, but it has not established the materials that were downloaded consist of the trade secrets at issue in this case. Accordingly, the request is denied.

### VII. Summonses Issued to Third Parties

As stated earlier, Defendant has filed a counterclaim against Plaintiff. The counterclaim purports to name additional parties as counterclaim defendants: Experis, Gary Langham, and

Markus Engle. However, Rule 13(h) of the Federal Rules of Civil Procedure provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim . . . ." Both Rule 19 and Rule 20 govern joinder of parties, and Defendant has not sought permission from the Court to join any additional parties. In a prior Order, the Court noted these facts (as well as the fact the counterclaim says little about these parties) and stated it did not consider Experis or the individuals to be parties at this time. (*See* Doc. 22, p. 1 n.1.)

Nonetheless, thereafter, Summonses were requested and issued to serve the counterclaim on Experis and the individuals. The Court learned of this fact when the event was docketed on October 24, 2023, with an entry indicating "a FedEx envelope and shipping label were provided." The Court intervened and directed the Clerk not to deliver or further process the Summonses until it decided how to proceed.

Experis, Langham, and Engle are not parties to the case, so the Court concludes there is no reason to serve them with the counterclaim. Accordingly, the Summonses issued on October 24, 2023, are hereby **QUASHED** and should not be processed further.

### VII. Conclusion

1. Defendant's Motion for ECF Filing Access, (Doc. 16), is **MOOT**;

2. Defendant's Motions for ADA Accommodations, (Doc. 33 and Doc. 38), are **DENIED**;

3. Defendant's Motion for Extension of Time to Answer, (Doc. 27), is **GRANTED**, and he shall have until and including November 3, 2023, to file his Answer to the Complaint;

4. Defendant's Motion for Extension of Time to Respond to various motions, (Doc. 43), is **DENIED**;

5. Plaintiff's Motion to Seal, (Doc. 42), is **DENIED**;

6. The Summonses issued to Experis, Gary Langham, and Markus Engle are **QUASHED**; and

7. Plaintiff's Motion to Amend the TRO, (Doc. 18), is **GRANTED IN PART** and **DENIED IN PART**.  Defendant is (1) reminded that the TRO bars him from disclosing information contained in the materials he obtained from Plaintiff even if the recipient is outside the country and (2) barred from making copies of those materials or the information contained therein.

**IT IS SO ORDERED.**

DATE:  October 25, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT