# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KYNDRYL, INC.** | )<br>) |
| **Plaintiff,** | )  Case No. 23-03279-CV-S-BP |
| v. | )<br>) |
| **VINCENT CANNADY** | )<br>) |
| **Defendant.** | )<br>) |

## PLAINTIFF KYNDRYL, INC.'S MOTION TO SEAL HEARING

Plaintiff Kyndryl, Inc. ("Kyndryl") respectfully moves this Court to Seal any Hearing on its Motion to Show Cause as to Why Cannady Should Not Be Held in Contempt (Doc.57), for the protection of Kyndryl's confidential, proprietary, and trade secret information, and in support states as follows:

The Eighth Circuit, as with other Courts, supports private companies' interests in maintaining the confidentiality of their proprietary and trade secret information. *Application of Kansas City Star Co.*, 143 F.R.D. 223, 226 (W.D. Mo. 1992) ("Proceedings may be closed and documents may be sealed if specific, on-the-record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to that interest."). In the hearing, Plaintiff Kyndryl would like to disclose to the Court the exact nature of the sensitive proprietary, confidential and trade secret information at issue in this case. To date, Kyndryl has been reluctant to place in unsealed submissions the details of such documents due to the potential harm to Kyndryl's business if information concerning Kyndryl's data vulnerabilities were made public. For his part, Defendant Cannady has suggested that any disclosure of the documents could pose a "clear and present danger to the public" and hold, for the banking industry, the "potential for disaster if this information is illegally accessed," and can hardly be credibly heard to contest the

appropriateness of sealing. Doc. No. 50, page 3 of 7. Holding an open hearing to discuss Kyndryl's confidential trade secret information, with the press and other third parties present as Cannady desires, would cause irreparable harm to Kyndryl.

As this Court has noted, the baseline presumption is that Court records should remain open to the public. However, this presumption should be overcome and the hearing should be sealed to the public if confidential or trade secret information will be considered and discussed.

> There is a common law presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). This presumption may be overcome only by showing a compelling need to seal documents, such as if the court's files "have become a vehicle for improper purposes," **or if the documents in question reveal trade secrets** or could compromise someone's personal safety. *Nixon*, 435 U.S. at 598; *see, e.g., IDT Corp. v. eBay*, 709 F.3d 1220, 1223-24 (8th Cir. 2013) (finding a company's "confidential and competitively sensitive information" warranted sealing the complaint); *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (recognizing the protection of a confidential informant as a compelling government interest justifying the reception of evidence under seal). Ultimately, in determining whether to seal documents, the Court must balance "the interests served [*3] by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

*Smith v. City of Kansas City*, 2023 WL 4919675 (W.D.Mo. 2023) (emphasis added).

The Eighth Circuit in *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983), as with other cases, supports and authorizes closed hearings when trade secrets are involved. In that case, the Court stated as follows:

> [I]n the trade-secrets context, the requirement of prior findings justifying closure cannot be liberally applied without some modification. Trade secrets are a peculiar kind of property. Their only value consists in their being kept private. If they are disclosed or revealed, they are destroyed. Therefore, it makes no sense to say that a determination whether trade secrets are involved should be made in open court, with the hearing to be later closed only if the determination is that they are involved. For in order to make this very determination, the Court must consider the information that one of the parties claims constitutes a trade secret, and the damage to that party that may occur if the claimed secrets are revealed. We do not see, as a practical matter, how this kind of decision can be made without at least some

limited initial in camera consideration. We will insist, in future cases, that the in camera consideration be as strictly limited as possible. After initially hearing the objections to closure, the district court, if it considers the objections not well taken, should go into in camera session, and take testimony limited strictly to the issue of the existence of trade secrets and the damage that disclosure of those secrets might cause. If it determines that secrets are involved, it should then return to the courtroom, announce this determination, and state that the remainder of the proceeding will be conducted in camera. If it determines that secrets are not involved, it should of course return to the courtroom and conclude the case in open court.

WHEREFORE, Plaintiff Kyndryl, Inc. respectfully requests that this Court hold any hearing regarding the Motion to Show Cause under seal, and not open to the public, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**JAMES SOBBA, LLC**

*/s/ Matthew P. Clune*
G. EDGAR JAMES           MO# 49585
MATTHEW P. CLUNE    MO# 54081
4435 Main Street, Suite 910
Kansas City, Missouri 64111
Telephone: (816) 623-0544
Telephone: (816) 623-0043
ejames@jamessobba.com
mclune@jamessobba.com

**ATTORNEYS FOR PLAINTIFF KYNDRYL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Defendant:

vnc@rocketmail.com

*/s/ Matthew P. Clune*
Attorney for Plaintiff Kyndryl, Inc.