IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYNDRYL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-03279-CV-S-BP |
| | ) | |
| VINCENT CANNADY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

In this suit, Plaintiff asserts Defendant misappropriated trade secrets, breached a contract, and converted Plaintiff's property. (Doc. 1.) The Court granted Plaintiff's Motion for a Temporary Restraining Order, ("TRO"), which bars Defendant from disclosing certain information he obtained from Plaintiff, (Doc. 8), and the TRO remains in effect. (Doc. 11.)[1]

When it filed the suit, Plaintiff also filed a Motion to Seal Documents. The Court originally directed Plaintiff to provide more explanation for its Motion by September 21 and granted Defendant fourteen days thereafter to provide his input. (Doc. 17, p. 2.)[2] Those deadlines were later extended to October 19 and November 1 respectively, and the scope of the responses (particularly Plaintiff's) was extended to all documents filed under seal to that point because Plaintiff had begun unilaterally filing documents under seal. (Doc. 24.)

---

[1] The Court attempted to schedule a hearing after the TRO was entered, but Defendant opposed having one. (*See, e.g.*, Doc. 11; Doc. 17.) The hearing was intended for Defendant's benefit, so the Court granted Defendant's requests and a hearing has not been held. At the same time, to prevent Defendant's preference against a hearing from harming Plaintiff's interests, the Court directed that the TRO will remain in effect pending further Order of the Court.

[2] All page numbers are those generated by the Court's CM/ECF system.

Plaintiff responded to the Court's Order (under seal), and Defendant did not file a response. The Court has considered the issue and concludes Plaintiff's Motion to Seal, (Doc. 3), should be **GRANTED IN PART** and **DENIED IN PART**.

Material filed with the Court is presumptively public, although that presumption can be overcome based on a specific need to protect specific information. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). "[T]he court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id*. "Interests served by the common-law right include bolstering public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, allowing the public to keep a watchful eye on the workings of public agencies, and providing a measure of accountability to the public at large (which pays for the courts)." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021). However, these salutary interests may give way to, among other things, the need to ensure that the Court's records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Finally, before sealing documents, the Court must consider other steps that will, to the extent possible, preserve the public's right of access to the Court's records, such as redaction. *IDT Corp.*, 709 F.3d at 1224.

Given this standard, the Court set forth the information Plaintiff needed to include in its written submission. The Court directed Plaintiff to "(1) specify the material in the aforementioned documents that needs to be kept from public view, (2) explain why it should be kept from public view, and (3) explain why lesser means (such as redaction) cannot be utilized to protect Plaintiff's

interests." (Doc. 17, p. 2.) Despite recognizing this directive, (*see* Doc. 36, p. 3.), Plaintiff did not provide the focused response called for by the Order (or the governing law).

The Court agrees that any actual trade secrets should be kept from public view—but this is not what Plaintiff requests. Indeed, it does not contend any trade secrets have been filed. Instead, Plaintiff argues practically all documents in this case should be sealed because (1) they describe the nature of the trade secrets at issue, (2) they discuss (as required to establish the basis for Plaintiff's lawsuit) that Defendant misappropriated the trade secrets and has threatened to disclose them, and (3) Plaintiff will suffer reputational harm if it is revealed that its trade secrets were misappropriated.[3]

The Court does not agree that Plaintiff's interests overcome the common law right to access. Descriptions of trade secrets are not themselves trade secrets; the fact that trade secrets exist also are not trade secrets. To hold otherwise, or to permit sealing of these facts, would justify sealing practically everything in any case where misappropriation of trade secrets is alleged. Moreover, the nature of the trade secrets at issue here is such that it will be no surprise to anyone that they exist. But to reiterate—while the Court would approve the sealing or redaction of trade secrets, that is not what Plaintiff requests.[4]

---

[3] Plaintiff insinuates the Court has already made findings relevant to the matter at hand when it granted the TRO. (Doc. 36, p. 5.) This is incorrect; the Court determined Plaintiff was likely to prevail on its claim that Defendant possessed its trade secrets and was threatening to disclose them. The TRO does not discuss or resolve whether any particular document should be sealed.

[4] Plaintiff cited cases for the proposition that "Courts have routinely found that concerns about hackers and cyberattacks justify sealing information," (Doc. 36, p. 6), which may be true—but the documents in two of the cases cited are markedly different from those at issue here in that they contained trade secrets. *Music Grp. Macao Comm. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *5 (N.D. Cal. June 30, 2015) ("A substantial portion of the report includes significant detail about Plaintiff's general technology infrastructure, server systems, and security and recommends improvements thereto."); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Ca. Sep. 25, 2013) ("The . . . material[ ] that Google seeks to seal relates to specific descriptions of how Gmail operates [and] information [that] if made public . . . could lead to a breach in the security of the Gmail system."). Thus, unlike this case, the information to be sealed consisted of trade secrets and not descriptions of trade secrets—and, notably, those descriptions were not sealed. (The third case Plaintiff cited does not provide enough information to be helpful. *See Metavante Corp. v. Emigrant Savings Bank*, 2009 WL 637165 (E.D. Wis. March 11, 2009.)

- 3 -

Second, a party's desire to avoid embarrassment of this sort is not a sufficient reason to seal an entire case to prevent the public from knowing a party has a dispute with another. Plaintiff's rationale could be applied to practically any case; usually, at least one party in the case would prefer that the allegations against or about it not be aired publicly. However, relying on this broad and common preference gives no consideration to the public interests served by the common-law right to access. Sealing documents simply because one party would prefer the public not know about the nature and existence of the suit would eviscerate the presumption of public access and the interests served by that access. *See, e.g.*, *Eliott v. Manhattan Cryobank, Inc.*, 2019 WL 1275044, at \*2 (E.D. Mo. March 20, 2019) (citing cases); *Scott v. City of Sioux City Iowa*, 96 F. Supp. 3d 898, 910 (N.D. Iowa 2015) (citing cases). Sealing is the exception, not the rule.

Finally, the information in question is directly related to the basis for the lawsuit and Plaintiff's requests for relief. These documents include (1) the Complaint, (2) the Motion for Temporary Restraining Order, (3) the Temporary Restraining Order, (4) various motions seeking Orders from the Court (and responses thereto), and (4) Defendant's Counterclaims. These documents are not tangential to the litigation and were not gratuitously filed; they are essential to the case. Their role in the litigation is so fundamental and germane to the Court's business that the public's interests are at their zenith. Accordingly, the Court denies Plaintiff's request to seal the documents at issue.[5]

Plaintiff has not proposed a lesser alternative; that is, it has not identified specific documents containing trade secrets or (except with respect to Defendant's counterclaim) proposed

---

[5] Plaintiff has offered, "[i]f it would be beneficial to the Court's understanding of the nature of the misappropriated information, [to] provide more detail at an in camera hearing." (Doc. 36, p. 5 n.1.) The issue is not the Court's understanding of the nature of the misappropriated information; the issue is that (1) none of the misappropriated information appears in any of the documents Plaintiff wants sealed, and (2) its justification for sealing the documents is legally insufficient. Therefore, nothing is to be gained by having a hearing.

potential redactions.[6] To the extent that it has discussed specific documents, it demonstrates its preference that the entire document be sealed but has not provided a specific legal reason for doing so. The Court has nonetheless conducted an individualized evaluation of each document that has been filed under seal; having done so, it concludes most of them should be unsealed.

Based on its review, and in an abundance of caution, the Court concludes that Documents 1-1, 2-2, and 18-1 should remain sealed. The Court further concludes Defendant's counterclaim should not be sealed or redacted. Finally, the remaining documents that have been filed under seal should be unsealed because there is no justification for leaving them sealed in derogation of the common law right to access the Court's records. Specifically, these documents should be unsealed:

| Doc. | Description |
|---|---|
| Doc. 1 | Complaint |
| Doc. 1-2 | Exhibit B to the Complaint |
| Doc. 1-3 | Exhibit C to the Complaint |
| Doc. 1-4 | Civil Cover Sheet |
| Doc. 2 | Motion for Temporary Restraining Order and Memorandum in Support |
| Doc. 2-1 | Exhibit A to the Motion |
| Doc. 2-3 | Exhibit C to the Motion |
| Doc. 8 | Temporary Restraining Order |
| Doc. 18 | Motion to Amend Temporary Restraining Order |
| Doc. 18-2 | Exhibit B to Motion to Amend |
| Doc. 18-3 | Exhibit C to Motion to Amend |

---

[6] The proposed redactions are not justified for the reasons discussed: they mention the existence of trade secrets and describe the nature or category into which they fall, (*see* Doc. 36, pp. 7-8), but Defendant has not included any trade secrets in his Counterclaim.

- 5 -

Case 6:23-cv-03279-BP   Document 74   Filed 11/17/23   Page 5 of 6

Doc. 18-4    Exhibit D to Motion to Amend

Doc. 18-5    Exhibit E to Motion to Amend

Doc. 18-6    Exhibit F to Motion to Amend

Doc. 28      Suggestions in Opposition to Defendant's Motion for ECF Access

Doc. 36      Additional Suggestions in Support of Motion to Seal

Doc. 36-1    Exhibit A to the Additional Suggestions

Doc. 36-2    Exhibit B to the Additional Suggestions

These documents will be unsealed on November 27, 2023.

**IT IS SO ORDERED.**

DATE: November 17, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT