IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYNDRYL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-03279-CV-S-BP |
| | ) | |
| VINCENT CANNADY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Defendant has filed a Motion for Leave to File Interlocutory Appeal. He seeks leave to appeal the Court's Order that, in relevant part, denied his request for accommodations. (*See* Doc. 45, pp. 3-4.) His Motion also discusses the Temporary Restraining Order, (*see* Doc. 8 (as modified by Doc. 45, pp. 6-7)), and the Court will interpret Defendant's Motion as also seeking leave to appeal the TRO. However, Defendant's Motion, (Doc. 47), is **DENIED**.

Defendant cites "Rule 26" as authority justifying his request, but neither Rule 26 of the Rules of Civil Procedure nor Rule 26 of the Rules of Appellate Procedure address interlocutory appeals. Because Defendant's motion seeks leave to file an interlocutory appeal, the Court interprets Defendant motion as seeking permission under 28 U.S.C. § 1292(b), which addresses interlocutory appeals requiring the District Court's permission. One of the requirements of 28 U.S.C. § 1292(b), however, is that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), and this condition is not satisfied with respect to either Order.

Accordingly, the Motion for Leave to File Interlocutory Appeal, (Doc. 47), is **DENIED**.

**IT IS SO ORDERED.**

DATE: November 28, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT