IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KYNDRYL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-03279-CV-S-BP |
| VINCENT CANNADY, | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO DISMISS**

Plaintiff filed this suit on September 1, 2023. On October 26, Defendant—who was acting pro se at the time—filed a Motion to Dismiss. Counsel entered an appearance for Defendant on December 1, shortly after Plaintiff filed its opposition to the Motion. However, Defendant's counsel did not file Reply Suggestions or ask for more time to do so, so the Motion is now ready for ruling. The Motion, (Doc. 49), is **DENIED**.

**I. BACKGROUND**

The Complaint alleges Defendant began working for Plaintiff in May 2022, and at that time he executed several agreements with Plaintiff. (Doc. 1, ¶ 15.) Those agreements required that Defendant maintain the confidentiality of Plaintiff's information. (Doc. 1, ¶¶ 16, 18-19; Doc. 1-1.)

Defendant's most recent job responsibilities required him "to locate, identify, analyze, and report on IT infrastructure vulnerabilities so that [Plaintiff could] consistently improve upon the strength and security of its infrastructure services." (Doc. 1, ¶ 21.) These tasks required Defendant to, among other things, identify and test vulnerabilities and flaws in Plaintiff's information security

systems. (Doc. 1, ¶¶ 22-24.) Accordingly, Defendant had "access to highly sensitive, proprietary, and confidential information regarding [Plaintiff's] information security systems." (Doc. 1, ¶ 23.)

Defendant allegedly took documents and other materials containing confidential information, "including architectural maps of servers and other infrastructure, vulnerability reports describing potential networking security weaknesses, and network penetration test results." (Doc. 1, ¶ 29.) He then threatened to disclose the information publicly if Plaintiff did not pay him money to settle an employment dispute. (Doc. 1, ¶¶ 30-31; Doc. 1-3.)

The Complaint asserts four claims:

- Violation of the Defend Trade Secrets Act (the "DTSA"), 18 U.S.C. § 1836,
- Violation of the Missouri Uniform Trade Secrets Act (the "MUTSA"), Mo. Rev. Stat. § 417.450 *et seq.*,
- Breach of contract, and
- Conversion.

Defendant argues the claims against him should be dismissed because (1) Plaintiff has not been harmed and (2) he has not done anything improper.[1] Plaintiff argues that dismissal is not appropriate, and the Court resolves the parties' arguments below.

## II. DISCUSSION

Under Rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); *see also Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013).

---

[1] In addition, Defendant argues the Court should not have granted Plaintiff's request for a temporary restraining order, but he does not present any independent arguments regarding that decision so there is no need to discuss it. He also directs arguments to Plaintiff's Motion for Contempt, which has been addressed separately, (Doc. 92), and will not be discussed again here.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted); *see also, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013). While Defendant refers to this standard in passing, (*see* Doc. 50, p. 6), he does not analyze the contents of the Complaint or the elements of Plaintiff's claims. The Court will focus on the specific arguments Defendant advances.

First, he argues Plaintiff has not proven any damage. At the pleading stage, however, proof is not required, and the Complaint alleges Plaintiff has suffered damage. Furthermore, it would not matter if the Complaint did not allege Plaintiff suffered damage: for instance, both the DTSA and the MUTSA allow relief for a threatened disclosure of trade secrets, 18 U.S.C. § 1836(b)(3)(A)(i); Mo. Rev. Stat. § 417.455.1, and the Complaint alleges Defendant threatened to disclose Plaintiff's trade secrets. Damages also are not necessary for a breach of contract claim because "nominal damages are available where a contract and its breach are established." *Dierkes v. Blue Cross & Blue Shield of MO*, 991 S.W.2d 662, 669 (Mo. 1999) (en banc). Similarly, "[i]n a case where no actual damages or loss is shown, and there has been a technical conversion, the defendant is liable for at least nominal damages." *Reynolds Cnty. Mem'l Hosp. v. Sun Bank of Am.*, 974 S.W.2d 663, 666 (Mo. Ct. App. 1998). Defendant's argument does not provide a basis for dismissing Plaintiff's claims.

Second, Defendant generally argues he has not done anything wrong. Most of his arguments amount to contradicting the facts alleged in the Complaint—but under Rule 12(b)(6) the Court must construe the facts in the Complaint in Plaintiff's favor. Because Defendant relies solely on his factual assertions instead of the Complaint's allegations, he presents nothing for the Court to evaluate. Defendant also disclaims liability by suggesting the events described are Plaintiff's fault; however, this is not a legal argument that justifies dismissal.

### III.  CONCLUSION

Defendant's Motion to Dismiss, (Doc. 49), is **DENIED**.

**IT IS SO ORDERED.**

DATE: December 21, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT