UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Kyndryl | ( |
| | ( |
| Plaintiff | ( |
| | ( |
| | ( Case: 6:23-CV-063279 |
| | ( |
| Vs. | ( |
| | ( |
| | ( |
| Vincent Cannady | ( |
| | ( |
| Defendant/Plaintiff | ( |

**MOTION TO UNSEAL CASE AND REMOVE TRO**

    I, Vincent Cannady am moving under Federal Rule of Civil Procedure Rule 13.05, Federal Rules of Criminal Procedure and the 4th, 5th and 6th Amendments Americans with Disabilities Act. On May 1st, 2024, I was arrested and incarcerated for a crime I did not commit. On May 10th, 2024, there was a hearing held with ineffective representation by my attorney. Since May 10th, 2024, my attorney has not returned phone calls or emails. This has forced me to file an Appeal of the dismissal of my counterclaims in the above cited civil case. The continued sealing of the civil case has had an adverse impact on the criminal case. While venue for the criminal case has not been objected to yet, it will be in the not-so-distant future. The courts in the Southern

District of New York have no access to the sealed civil case in the Western District of Missouri. The court in the Southern District of New York have repeatedly requested documents that are sealed in this civil case. Furthermore, Vincent Cannady needs to introduce documents in the sealed case for his criminal defense. When the government filed criminal charges for the civil actions of Vincent Cannady, they created the need to unseal the civil case. There is no danger to Kyndryl's reputation that they have not created by seeking criminal charges. Vincent Cannady's life and criminal defense supersedes the need to protect the filings by Kyndryl accusing him of violations of civil law. Vincent Cannady intends to use the sealed documents to repudiate the statements of Kyndryl's witnesses in the criminal case.

There is no more need for the temporary restraining order for Vincent Cannady accessing the files or discussing the files, discussing Kyndryl or discussing Kyndryl's violations of vulnerabilities, cyber security policies and lack of governance. As the court knows Vincent Cannady is currently incarcerated for the exact same actions cited in the civil case. Furthermore, discovery has begun in the criminal case and Vincent Cannady will be able to view the files, access the files and use the files in his defense. Therefore, the criminal case has superseded the need for a TRO in the civil case. In addition, the criminal case has used the TRO in the civil case as part of the bond release agreement. Therefore, there is no need for the continuing of the TRO in the civil case.

Vincent Cannady is still incarcerated because the government keeps changing the conditions of release. The government has requested documents from Vincent Cannady's moral suasion bond signers and then in court when the judge objected the need for those documents, the government reversed course. Furthermore, after agreeing to resume the release process the government is insisting that the bond signers speak with the US Attorneys Office for their interview. Vincent Cannady has objected to any of his family being in contact with the US Attorney's Office without the British Consulate legal representative being a part of the conversation as required by English law. Vincent Cannady has chosen to remain incarcerated until the bond issue is resolved with the Southern District of New York court.

To conclude this Motion, Vincent Cannady reiterates that the court in the US District of New York needs access to this currently sealed civil case. Vincent Cannady needs unfettered access to the currently sealed civil case in his criminal defense. Both conditions supersede the needs for sealing the civil case to protect Kyndyl's reputation. Finally, the conditions for the temporary restraining order have been superseded by the conditions of discovery in the criminal case. Vincent Cannady will have access to the civil files and will be able to discuss the actions of Kyndryl in both cases. The most important fact in this removal of the TRO and the unsealing of the civil case is the very public prosecution of

Vincent Cannady by the US Attorneys at the behest of Kyndryl, when there were only thirty days left until the Western District Court Ordered the civil settlement conference, a mere forty one days before Vincent Cannady was arrested for sending a settlement demand letter to Kyndryl requesting ten years of salary for their race, age, disability and veteran status discrimination.

Rule 13.05 (FRCP 83) Sealing of Materials Filed in Civil and Criminal Cases (For procedural instructions on seeking leave to file sealed motions or sealed documents in CM/ECF, see the Sealed and Ex Parte Documents section of the Court's CM/ECF Procedures Manual at http://www.moed.uscourts.gov/cmecf-procedures-manual) (A) General Provisions for Civil and Criminal Cases (1) Except as otherwise provided in this Rule, all pleadings, documents, and other materials (collectively "material") received in the Office of the Clerk for filing must ultimately be filed in the public record, unless (a) the docket reflects prior entry of an Order to file under seal or (b) a Judge of this Court otherwise orders pursuant to this Local Rule. (2) The Court recognizes the right of the public to access material filed with the Court in civil and criminal cases. The Court also recognizes the right of parties in cases to seek the filing under seal of material and information lawfully kept confidential in civil and criminal cases, and the right of parties and non-parties to support or challenge the filing of such material under seal. (3) The fact that certain information or material has been protected as

confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court. (4) Subject to the provisions of Sections (B) (Civil Cases) and (C) (Criminal Cases) below, the following procedures must be followed for filing material under seal or for contesting the sealing of such material: (a) The proponent of the sealing or the continued sealing of material ("Movant") must file an unsealed motion for sealing ("Motion for Sealing" or "Motion for Continued Sealing") describing generally (i) the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential; (ii) the legal grounds for the sealing; and (iii) the requested duration for the sealing or, if the proponent requests that the material remain sealed indefinitely, the reasons supporting the request. If the information or material that is sought to be sealed includes information or material produced by a non-party as confidential under a judicial protective order, at the time the Motion for Sealing or the Motion for Continued Sealing is filed Movant must provide the producing nonparty written Notice of the Motion for Sealing or the Motion for Continued Sealing. (b) With Motion for Sealing or Motion for Continued Sealing, (i) Movant must file under seal a Memorandum Supporting Sealing. This Memorandum must state the specific legal and factual reasons justifying the sealing, with or without sworn factual declarations or affidavits, and must state whether any producing non-

party has been served with Notice of the Motion and whether such producing non-party does or does not object to the sealing; and (ii) Movant must file under seal a complete copy of the subject document(s) or item(s) containing the material sought to be filed under seal. (c) Redacted material to be submitted. Within three (3) business days from the filing of the Motion for Sealing or the Motion for Continued Sealing, Movant must file the following: (i) in the public record, a copy of the subject document(s) with only the specific information sought to be sealed redacted from the document, or (ii) under seal, a Memorandum explaining the specific reasons for the failure or inability to file a redacted document or material. (d) Opposition to Motion for Sealing. Within seven (7) days from the filing of the Motion for Sealing, a party or a non-party may file a Memorandum Opposing Sealing which may be filed in the public record or under seal. Any such Memorandum must state whether any producing non-party has been served with Notice of the Motion for Sealing and whether such non-party does or does not object to the sealing. (e) Reply supporting sealing. Within seven (7) days from the filing of any Memorandum Opposing Sealing, Movant may file a Reply Supporting Sealing and must provide any producing non-party written Notice of the Memorandum Opposing Sealing and of the Movant's Reply. (f) Ruling on Motion to Seal or for Continued Sealing. The Court will rule the Motion for Sealing or the Motion for Continued Sealing with or without a public hearing and may conduct a

hearing in camera. The ruling of the Court on the Motion for Sealing or the Motion for Continued Sealing may be filed under seal. However, the Clerk of Court must post a public minute entry in the case stating generally that the Motion for Sealing or the Motion for Continued Sealing has been GRANTED or DENIED, whether in whole or in part. (g) Stay of Order Denying Sealing and Opportunity to Withdraw Material. Any Order Denying a Motion to Seal or Denying a Motion for Continued Sealing will be stayed for a period of 14 days after entry of the Order during which an appropriate appeal from the Order may be filed or during which all or part of the material filed under seal may be withdrawn before it becomes a part of the public record. If an appeal is filed, the subject Order will remain stayed until the appeal is determined and, if the Order is affirmed, in whole or in part, the Order will remain stayed for an additional 14 days after the entry of the appellate ruling during which all or part of the material filed under seal may be withdrawn before it becomes a part of the public record. (h) Material ordered sealed by the Court. Any material or item ordered sealed by the Court will be filed and maintained by the Clerk under seal. No sealed records will be unsealed without Court order. (B) Civil Cases (1) The following material must be filed under seal: (a) information listed in Federal Rule of Civil Procedure 5.2; Federal Rule of Criminal Procedure 49.1; and Eastern District of Missouri Local Rule 2.17(a); (b) the Administrative Record filed in a case brought under Section

502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B); (c) the Administrative Record filed in a case brought under the Social Security Act, 42 U.S.C. § 405; and (d) documents required to be sealed in Qui Tam actions under 31 U.S.C. § 3729. For the filing of these and any other material or information required by law to be filed under seal, the procedures in Section (A) above must be used. (2) At conclusion of civil action. Not less than 30 days after a final order or other disposition has been issued in a civil action in the District Court, or 30 days after the receipt of a mandate from the Court of Appeals in a case in which an appeal has been taken, a motion may be filed with the District Court requesting that documents previously filed under seal be unsealed and made a part of the public record. Unless otherwise ordered by the Court, all documents previously sealed in a civil action will remain sealed by the Clerk of Court for 90 days following final disposition of the litigation, unless a Motion to Continue Sealing is filed pursuant to Section (A)(4)(a) above. Materials filed under seal pursuant to Section (B)(1) or otherwise ordered sealed indefinitely will remain under seal indefinitely unless otherwise ordered. (C) Criminal Cases (1) Section (A) above notwithstanding, without the need of a Judge's order, the following material must be filed under seal: (a) grand jury proceedings under Federal Rule of Criminal Procedure 6; (b) information listed in Federal Rule of Criminal Procedure 49.1 and in Eastern District of Missouri

Local Rule 2.17(a); and (c) any other material or information required by law to be sealed. (2) Applications for pen registers, trap and trace devices, wiretaps, records of electronic communications, and IRS search warrants and tax return orders. The provisions of Section (A) above notwithstanding for pre-charge judicial records, all applications and orders thereon for pen registers, trap and trace devices, wiretaps, records of electronic communications, and IRS search warrants and tax return orders must be filed and maintained by the Clerk under seal, unless otherwise ordered by the Court. Documents, pleadings, and other material filed under seal pursuant to this paragraph will be maintained by the Clerk in original form for not less than five (5) years from the date of filing. All such original sealed documents will be scanned into electronic digital images, indexed, and permanently stored under seal in such electronic format in lieu of maintaining the original paper copies after the required period of five (5) years. When an electronic digital image or copy of any original document, pleading, or other material filed with the Court under seal is created pursuant to this paragraph, the electronic version will be the permanent and official court record. From time to time, the Clerk may petition the Court for an Order granting leave to destroy original documents and materials filed under seal pursuant to this paragraph for which electronic digital images have been made. (3) Presentence investigation reports and such other material regarding any guilty plea or sentencing. (a) The provisions of

Section (A) above notwithstanding, all presentence investigation reports and filings regarding cooperation, including any plea agreement supplements, sentencing statements, plea transcript supplements, or sentencing transcript supplements, will be filed and maintained by the Clerk under seal. The U. S. Attorney's Office must file a sealed statement in all criminal cases in which a defendant enters a guilty plea that will either explain the terms of a defendant's cooperation or state that a defendant did not cooperate with the government. Nothing in the Court's public record will allow anyone to be able to determine whether a defendant did or did not cooperate with the government. The Court may issue administrative orders and procedures further specifying processes necessary to preserve the confidentiality of the documents and proceedings described in this paragraph. (b) For the filing of any other material or information required by law or requested to be filed under seal, including, without limitation, parties' sentencing memoranda, the procedures in Section (A) above must be used. (4) (a) Applications for search warrants, warrants, and similar orders issued pursuant to Federal Rule of Criminal Procedure 41. Applications for search warrants, warrants, and similar orders issued pursuant to Federal Rule of Criminal Procedure 41 upon application of the government for the acquisition of information or evidence in connection with a criminal investigation, and returns made pursuant to Fed. R. Crim. P. 41(f), will each be received by the Court under temporary seal.

(b) Ex parte motion to seal. Within fourteen (14) days from the date of receipt by the Court of any document identified in subsection (a) immediately above, the government or any other person or entity having a sufficient privacy interest in the search warrant information, or the property or evidence that is the object of acquisition by the government, may file an ex parte Motion to Seal setting forth the legal and factual ground for sealing. The Motion to Seal must also state the date on which the sealing order should expire without further order of the Court. The moving party must establish that compelling reasons exist to justify non-disclosure of the subject judicial records which outweigh the public right to access and that no less restrictive alternative to sealing is appropriate or practical. While such a motion is pending, the subject material will remain sealed. (c) Initial sealing time period and motion to continue sealing. If the Motion to Seal is granted, the Clerk must file the relevant documents under seal for a period of time not to exceed six (6) months. After six months, a party seeking continued sealing of the file must file a motion to that effect demonstrating that continued sealing is appropriate under the applicable law and the factual circumstances. If the motion to seal or for continued sealing is denied in whole or in part, or if no motion is timely filed, the Court will order the Clerk to unseal and file unrestricted material in the public record, unless the Court determines otherwise. (5) Written communications by non-parties regarding criminal case defendants. Except as otherwise provided in

this paragraph, any written communication regarding any defendant by persons other than court-related personnel working on the case, the defendant, or counsel, submitted at any point before the defendant has been sentenced, will be made available for viewing at the public terminal in the Clerk's office. Any written communication received in paper form will be scanned and filed electronically in the appropriate case. Any party may file a motion, either at or after the time any written communication is submitted, stating the particular reasons as to why it should not be made available at the public terminal. A Judge, either on the Judge's own motion or on the motion of any party, may order all or any portion of any written communication to be removed from the public terminal at any time. Any written communication that has been redacted will be filed under seal in a non-redacted form. The Clerk's office will publish a notice to the bar and include a permanent notice on its website restating this paragraph. This notice will also state the types of personally identifying information that must not be included on any written communication submitted to this Court, consistent with Fed. R. Crim. P. 49.1 and any order of this Court regarding prohibited information on any such written communication.

Vincent Cannady
17472 S. 2950 Road
El Dorado Springs Mo 64744
202-253-2300  vnc@rocketmail.com