# UNITED STATES DISTRICT COURT

## WESTERN OF MISSOURI

Kyndryl                         (
                               (
Plaintiff                      (
                               (
                               (   Case: 6:23-CV-063279
                               (
Vs.                            (
                               (
                               (
Vincent Cannady                (
                               (
Defendant/Plaintiff            (

## OBJECTION MOTION

**OBJECTION TO MOTION**

**Introduction**

Pursuant to Federal Rule of Civil Procedure 37, Vincent Cannady respectfully objects to Kyndryl's conduct relating to discovery obligations and breaches of the protective order issued in February 2024.

**Statement of Facts**

1. **Subpoena Disclosure Issue**: On June 26, 2024, Kyndryl served a subpoena on Microsoft. Kyndryl failed to notify Vincent Cannady or the Court of this subpoena, and Vincent Cannady only became aware of it on August 30, 2024. This delay has severely impaired his ability to timely address and respond to the discovery request.

2. **Discovery Requests and Communication**: In July 2024, Vincent Cannady requested that Kyndryl's attorneys resume discovery proceedings. Despite this, Kyndryl continued to issue subpoenas that were both vague and overly broad, seeking protected and privileged information from Vincent Cannady's Microsoft and Yahoo accounts. This conduct violates established discovery rules and protocols.

3. **Protective Order Violation**: The protective order issued in February 2024 was intended to safeguard sensitive and confidential information. It has come to light that Kyndryl has breached

this order by disclosing electronic data to the U.S. Government, contrary to the agreed terms.

**Legal Basis for Objection**

1. **Federal Rule of Civil Procedure 37**: This rule provides authority for courts to impose sanctions for failure to comply with discovery obligations. Specifically:

   o **Rule 37(b)(2)**: Permits sanctions for failure to obey a court order regarding discovery, which may include dismissing claims or striking pleadings.

   o **Rule 37(d)**: Allows for sanctions if a party fails to respond to discovery requests or fails to attend a deposition.

Kyndryl's actions—failure to disclose subpoenas, issuing overly broad discovery requests, and breaching the protective order—justify the imposition of sanctions under these provisions.

2. **Relevant Case Law**:

   o *National Hockey League v. Metropolitan Hockey Club, Inc.*, **427 U.S. 639 (1976)**: The Supreme Court upheld the imposition of severe sanctions, including dismissal, for willful non-compliance with discovery orders.

   o *Zubulake v. UBS Warburg LLC*, **220 F.R.D. 212 (S.D.N.Y. 2003)**: The court emphasized that sanctions are appropriate for failure to comply with discovery obligations and reinforced the need for strict adherence to court orders and protective agreements.

**Request for Relief**

In light of the above, Vincent Cannady respectfully requests that the Court:

1. **Dismiss the Case**: Given the significant discovery violations and breaches of the protective order, dismissal of the case is warranted as a sanction.

2. **Strike Evidence and Pleadings**: Strike all evidence and pleadings obtained through discovery violations, including those acquired by failing to comply with court orders. This may also include dismissing claims or striking pleadings as deemed appropriate.

3. **Grant Additional Relief**: Provide any other relief that the Court considers just and proper under the circumstances.

**Conclusion**

Kyndryl's discovery violations and breaches of the protective order have prejudiced Vincent Cannady's ability to effectively participate in this litigation. The requested sanctions are necessary to enforce compliance with court rules and to address the significant procedural misconduct that has occurred.

Respectfully submitted,

Mr. Vincent Cannady

17472, S. 2950 Road

El Dorado Springs

Missouri 64744

vnc@rocketmail.com