# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KYNDRYL, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 23-03279-CV-S-BP |
| v. ) | |
| ) | |
| VINCENT CANNADY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## KYNDRYL'S MOTION TO RESTRICT CANNADY'S ECF ACCESS

Defendant Vincent Cannady ("Cannady") is abusing his ECF filing privileges to wage a campaign of harassment against Plaintiff Kyndryl, Inc. ("Kyndryl"). Since mid-June, Cannady has filed five frivolous and duplicative discovery motions, three subpoenas directed at Kyndryl agents, and a set of Requests for Admission all while this case is supposed to be stayed pending resolution of criminal charges against Cannady for extorting Kyndryl. Not only do Cannady's filings violate the Court-Ordered stay, he is now using his ECF credentials to submit baseless claims accusing Kyndryl of sanctionable discovery conduct. Cannady must be stopped from abusing the judicial system and waging a campaign to harass Kyndryl. Kyndryl respectfully requests that this Court restrict Cannady's ECF filing privileges.

### BACKGROUND

Between May 2022 and June 2023, through a third-party staffing agency, Cannady was assigned to work remotely on IT infrastructure projects at Kyndryl. After his assignment ended, Cannady stole highly confidential and sensitive Kyndryl files by transferring them to his Yahoo Rocketmail email address and his Microsoft OneDrive account. *See* Declaration of William F. Brennan, Doc. 2-1 ("Brennan Decl."). Cannady then repeatedly threatened to disclose the files unless Kyndryl paid him. *Id.*

On September 1, 2023, Kyndryl filed the present lawsuit along with a Motion for Temporary Restraining Order ("TRO"), to prevent Cannady from publicly disclosing Kyndryl's files. Docs. 1-2. The Court granted Kyndryl's TRO motion that same day. Order, Doc. 8. Cannady filed counterclaims against Kyndryl on January 21, 2024, (Doc. 104), which the Court dismissed on May 28, 2024 (Doc. 131).

Discovery kicked off in the spring of 2024. The Court granted the parties' Joint Motion for Protective Order ("Protective Order") on February 13, 2024. Doc. 117. Then on March 27, 2024, Kyndryl served Cannady with Interrogatories, Requests for Production ("RFP"), Requests for Admission ("RFA"), and a Request for Inspection ("RFI"). Doc. 125. Cannady never responded to Kyndryl's Interrogatories, RFPs, or RFI, and while he responded to the RFAs, his responses are legally deficient. Doc. 156-3.[1]

On May 1, 2024, Cannady was arrested and charged with extortion for threatening to publish the sensitive files he stole from Kyndryl. Since the criminal charges largely overlap with Kyndryl's civil claims, Kyndryl and Cannady, through his counsel, jointly moved to stay these civil proceedings until the criminal case is resolved. Doc. 133. The Court granted the motion on June 11, 2024, and ordered that this case, including all party discovery "is STAYED until … this Court orders otherwise." Doc. 134. The Court made one exception, allowing the parties to conduct third party-discovery until October 25, 2024. *Id.*

On June 27, 2024, Kyndryl filed third-party subpoenas on Yahoo and Microsoft. *See* Doc. 151. The subpoenas sought information about Cannady's use of Yahoo and Microsoft platforms

---

[1] He failed to answer one of Kyndryl's requests and, when asked to authenticate certain confidentiality agreements, responded that he "can neither admit or deny" the genuineness of these documents, despite the fact that they plainly bear his signature. Doc. 156-3 at 4.

2

to download and transfer Kyndryl's files. Kyndryl sent both subpoenas to Cannady's counsel on June 26, 2024—one day prior to service. Doc. 157-2.

After his counsel withdrew on July 1, 2024, (Doc. 144), Cannady filed a pro se Motion to Remove the Stay on August 9, 2024, which asked the Court "to resume Discovery." Doc. 153. Kyndryl timely opposed that motion on August 23, 2024. Doc. 156. At the time of this filing, the Court has not yet ruled, meaning that the Court's stay Order remains in effect. Cannady, however, instead of waiting for the Court to rule on his motion to lift the stay, has opted to ignore it altogether:

*First*, on June 22, 2024, Cannady filed a pro se "Motion to Unseal Case and Remove TRO." Doc. 137. This motion falsely claimed that the civil case was "sealed" even though nearly the entire docket is unsealed and available for public view.[2] Kyndryl moved to strike Cannady's motion as a violation of the stay. Doc. 145. Ultimately the Court denied Cannady's motion because he failed to demonstrate that the relief sought was "necessary" or "otherwise appropriate" (Doc. 147).

*Second*, on August 9, 2024, Cannady filed two nearly identical motions: a "Motion to Remove Stay" (Doc. 153) and a "Motion to Enforce Discovery" (Doc. 154). Although Cannady claims that he never authorized the stay, email correspondence with his counsel shows otherwise. *See* Doc. 156-1. For example, Cannady's counsel herself proposed the initial draft of the parties' joint motion for stay after a "virtual meeting" with Cannady. *Id.* Along with challenging the legitimacy of the stay, Cannady served on Kyndryl a series of vague document requests and requests for admission. Docs. 153 at 4; 154 at 2; 154-1. Kyndryl opposed Cannady's efforts to

---

[2] The following documents remain sealed: Docs. 1-1; 2-2; 18-1; 50-2 through 50-4; 58-1 through 58-12; and 75-2.

remove the stay and objected to his discovery requests as a clear violation of the stay. Doc. 157. The Court has not yet ruled on Cannady's motions.

*Third*, on September 4, 2024, Cannady purportedly served subpoenas on two Kyndryl employees who were his supervisors during the period he worked on projects at Kyndryl, and on Kyndryl's attorney of record in this case. *See* Doc. 160 (alleged proof of service on "Kyndryl"); Doc. 161 (alleged proof of service on Gary Langham); Doc. 162 (alleged proof of service on Marcus "Engle" [sic]). Contrary to the sworn statements in Cannady's proofs of service, the subpoenas were not personally served on the people to whom they were directed, but were instead simply mailed to Kyndryl's corporate offices in New York. Kyndryl moved to quash these subpoenas since they seek party discovery in violation of the stay. Doc 165. Kyndryl's motion to quash is being briefed and remains pending.

*Fourth*, in a status report filed with the Court on September 10, 2024, Cannady revealed that on September 5, 2024, he "sent the court subpoenas for testimony for Microsoft and Yahoo." Doc. 166. Cannady has not provided Kyndryl with a copy of these subpoenas.

*Finally*, on September 1, 2024, Cannady filed a "Motion for Sanctions" (Doc. 158), and a substantively identical "Objection Motion" (Doc. 159) ("Sanctions Motions"). Each motion recites the same false, inflammatory, and now-publicly-filed claims that Kyndryl has "violat[ed]" its discovery obligations and "breach[ed]" the Protective Order. Moreover, it is apparent that Cannady has no interest in obeying the Court's stay Order. Instead, he is using his meritless motions and discovery requests to harass Kyndryl.

For the reasons set forth below, the Court should restrict Cannady's ECF filing privileges to prevent his continued abuse of the judicial process.

4

## ARGUMENT

"[T]he right of access to the courts is neither absolute nor unconditional." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). This Court has the "discretion to craft and impose sanctions to deter litigants from engaging in conduct which abuses the judicial process." *Van Deelen v. City of Kansas City, Missouri*, 2006 WL 2077640, at *15-16 (W.D. Mo. July 24, 2006), *aff'd as modified*, 262 F. App'x 723 (8th Cir. 2007); *see also Van Deelen v. City of Kansas City, Missouri*, 2006 WL 2077640, at *15-16 (W.D. Mo. July 24, 2006), *aff'd as modified*, 262 F. App'x 723 (8th Cir. 2007) (recognizing court's "discretion to craft and impose sanctions to deter litigants from engaging in conduct which abuses the judicial process").

Cannady is a highly experienced pro se litigant, having filed more than 40 lawsuits in state and federal courts. **Exhibit A**, attached hereto, lists the lawsuits filed by Cannady of which Kyndryl is aware.

Cannady knows how to abuse the legal system. When he encounters a ruling he dislikes, he either sues the judge who issued it, *e.g.*, *Cannady v. Dump*, 2021 WL 4952500, at *1 (W.D. Mo. Oct. 25, 2021) (naming Missouri State Court Judges Dump and Pyle as defendants); files a frivolous appeal, *e.g.*, Doc. 135 (Cannady's interlocutory appeal denied by this Court as "frivolous" in Doc. 141); or, in the case of the Court's stay Order, simply ignores it altogether. Staying the case was intended to "preserve the resources of this judiciary as well as the resources of both parties." Doc. 133. But because of Cannady's disregard for the stay, Kyndryl and the Court must continue devoting time and resources to address Cannady's frivolous and often duplicative filings.

Cannady is abusing his ECF filing privileges to wage a campaign of harassment against Kyndryl, the victim of Cannady's attempted extortion. Kyndryl originally filed this case after

Cannady directly threatened to publish sensitive Kyndryl files "via Pacer" unless he was paid a substantial sum. Doc. 1 at 5 and Ex. C. Now Cannady is using his ECF privileges to accuse Kyndryl of discovery violations—allegations that, while false, Kyndryl and its counsel take seriously and must respond to under the judicial rules, needlessly wasting valuable resources and time. Cannady did not attempt to meet and confer with Kyndryl about the concerns raised in his Sanctions Motions. Instead, he used his ECF access to post his grievances directly to the public docket. This is a manifest abuse of the judicial process.

The Court should restrict Cannady's ECF filing privilege, and follow the example set by Judge Smith in *Talley*, which responded to a party's "abusive and repetitive" filings by prohibiting the party "from filing anything further without the Court's approval." *Talley v. U.S. Dep't of Lab.*, No. 19-00493-CV-W-ODS, 2020 WL 4142377 at *3 (W.D. Mo. July 20, 2020); *see also Nyaundi v. Triumph Foods, LLC*, No. 5:22-CV-06005-DGK, 2024 WL 385703, at *1 (W.D. Mo. Feb. 1, 2024) (warning by Judge Kays that "continuing to file frivolous motions … may result in … restrictions on Plaintiff's filing privileges"). Cannady should be directed to submit all filings to the Court via email before filing anything on the public docket. Should the Court determine that the filing is appropriate given the case stay, the clerk of court can publish the filing and Kyndryl will respond accordingly.

## CONCLUSION

Kyndryl respectfully requests that this Court restrict Cannady's ECF filing access as requested above.

Dated: September 16, 2024                    Respectfully submitted,

**JAMES SOBBA, LLC**

*/s/ Matthew P. Clune*
G. EDGAR JAMES (MO# 49585)
MATTHEW P. CLUNE  (MO# 54081)
4435 Main Street, Suite 910
Kansas City, Missouri 64111
Telephone:  (816) 623-0544
Telephone:  (816) 623-0043
ejames@jamessobba.com
mclune@jamessobba.com

**ATTORNEYS FOR PLAINTIFF
KYNDRYL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and further sent a copy of the foregoing to the following address via United States Mail, postage prepaid:

Vincent Cannady
17472 S. 2950 Road
El Dorado Springs, MO 64744

                                           */s/ Matthew P. Clune*
                                           Attorney for Plaintiff Kyndryl, Inc.