UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

KANSAS CITY DIVISION

KYNDRYL, INC.,
Plaintiff,

v.

VINCENT CANNADY,
Defendant.

Civil Action No. **6:23-cv-03279-BP**

DEFENDANT VINCENT CANNADY'S

EMERGENCY MOTION FOR INJUNCTIVE RELIEF

TO PRESERVE EVIDENCE AND STAY ANY ORDER

REQUIRING DESTRUCTION OF WORK PRODUCT FILES

(FILED IN DISTRICT COURT AND FOR APPELLATE RELIEF)

**INTRODUCTION**

Defendant **Vincent Cannady**, proceeding pro se, respectfully moves this Court for **emergency injunctive relief** preserving his **work product files** and staying enforcement of any order—direct or indirect—requiring their destruction, including an order issued in the **Southern District of New York criminal case** that conflicts with this Court's **September 1, 2023, Temporary Restraining Order**.

This Motion seeks relief both **in this Court** and **pending appeal in the Eighth Circuit**, because destruction of the files would cause **irreparable harm**, permanently deprive Mr. Cannady of **exculpatory evidence**, and violate his **Fifth and Sixth Amendment rights** during ongoing appeals in the **Second and Eighth Circuits**.

1

No court—civil or criminal—has **ever examined the files** that Kyndryl seeks to destroy.

## I. FACTUAL BACKGROUND

### A. Misrepresentation of the Nature and Number of Files

1. In the **SDNY criminal trial**, the Government repeatedly claimed that **"over 816 files"** downloaded on **June 23, 2023,** were *"dangerous to Kyndryl's reputation."*

2. In contrast, **Kyndryl's civil complaint** filed **September 1, 2023,** alleged that the same files were **"trade secrets."**

3. Independent forensic expert **Dr. Kiper of KiperTech** established that:

    - Approximately **440 files** consisted of:

        - Images of dogs and cats

        - Kyndryl logos

        - Excel spreadsheets and text files

    - The remaining files included:

        - Penetration-testing materials

        - Architecture review documents

        - Internal communications

    - **No court has ever adjudicated these files to be trade secrets.**

4. Critically, **the Government never once labeled the files "trade secrets" at trial**, proving that Kyndryl's civil representations were materially false.

**B. Conviction Based Solely on Alleged Reputational Harm**

The Government obtained a conviction for **attempted extortion** based on a **single August 31, 2023 email**, asserting that:

"Investors would lose confidence if the information became public."

That statement was **true** and has since been independently corroborated by **investor litigation** filed against Kyndryl in SDNY—**without any involvement by Mr. Cannady**.

Kyndryl is currently being sued in a class action in which Vincent Cannady is a part of, by its own investors based on disclosures by its **former CFO**, who alleges age discrimination and governance failures.

Vincent Cannady is also part of another class action against Kyndryl in O'Rielly v. Kyndryl. This case is about Kyndryl workers along with Vincent Cannady being illegally fired by Kyndryl for age race, disability discrimination and retaliation claims.

**C. The Files Are Widely Distributed and Not Confidential**

Kyndryl's claim that Mr. Cannady's copies are uniquely dangerous is demonstrably false:

- Files exist on:
    - **Microsoft SharePoint**
    - **CrowdStrike** systems
    - **Tenable**
    - **Horizon3 / NodeZero**

- The files were emailed—at management's direction—to **hundreds of employees and contractors**, many using **unsecured personal devices**.

- Kyndryl publicly stated on its **2022 website** that it was **"80% in the cloud."**

- By **2026**, Kyndryl's architecture is **100% cloud-based**.

Thus, deletion of Mr. Cannady's copies would not protect Kyndryl—but would **destroy evidence of innocence**.

**D. Retaliation and the CrowdStrike Disclosure**

Mr. Cannady was the **lead technical architect** for Kyndryl's **CrowdStrike Identity Access Management project**.

On **May 12, 2023**, he:

- Discovered a **CrowdStrike replication flaw**
- Reported it to management
- Persisted despite resistance

This disclosure preceded:

- His retaliatory termination
- The civil TRO
- The criminal prosecution

The **July 19, 2024, global IT outage** involving CrowdStrike and Microsoft—costing over **$1 trillion globally**—confirms the **truth of Mr. Cannady's warnings**.

**II. CONFLICTING COURT ORDERS AND APPELLATE POSTURE**

- **Western District of Missouri (this Court)**:

    o   Issued a **TRO on September 1, 2023,** preserving the files.

- **Southern District of New York**:

    o   Issued an order requiring **destruction of the same files**—despite their use at trial and relevance on appeal.

- **Appeals Pending**:

    o   Second Circuit: Appeal No. **26-206**

    o   Eighth Circuit: Injunctive relief already sought

This creates an **irreconcilable conflict between jurisdictions**, requiring preservation of the status quo.

### III. LEGAL STANDARD

### A. Injunction Pending Appeal

Courts consider:

1. Likelihood of success

2. Irreparable harm

3. Balance of equities

4. Public interest

*Winter v. NRDC*, 555 U.S. 7 (2008);

*Nken v. Holder*, 556 U.S. 418 (2009).

5

## IV. ARGUMENT

### A. Irreparable Harm Is Certain

Destruction of evidence is **per se irreparable harm**.

*See United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982).

### B. Likelihood of Success on the Merits

- Conviction rests on **court-ordered mediation communications**

- Files were never adjudicated to be trade secrets

- Venue and jurisdiction in SDNY are contested

- Evidence suppression violated **due process**

### C. Fifth and Sixth Amendment Violations
### (Due Process and Right to Present a Defense)

Mr. Cannady was denied:

- Access to evidence

- Admission of exculpatory material

- Meaningful appellate review

*Crane v. Kentucky*, 476 U.S. 683 (1986).

### D. Balance of Equities and Public Interest

Preserving evidence:

- Protects constitutional rights

6

- Does not harm Kyndryl

- Serves the integrity of appellate review

**V. REQUESTED RELIEF**

Mr. Cannady respectfully requests that this Court:

1. **Preservation of evidence pending appellate review**

2. **Continue the TRO** during all appeals;

3. **Stay enforcement** of any SDNY order requiring deletion;

4. Alternatively, order:

    - Discovery access, and

    - Oral argument **before** any deletion determination;

5. Grant such further relief as justice requires.

**CONCLUSION**

No judge.

No jury.

No court—anywhere—has ever seen these work product files.

Destroying them now would permanently erase evidence of innocence and violate the Constitution.

7

Respectfully Submitted,

Vincent Cannady
Defendant, Pro Se
Legally Blind
Date: February 12th 2026