IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KYNDRYL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-03279-CV-S-BP |
| | ) | |
| VINCENT CANNADY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER (1) DENYING DEFENDANT'S MOTION FOR INJUNCTIVE RELIEF AND (2) GRANTING PLAINTIFF'S MOTION TO CLARIFY TEMPORARY RESTRAINING ORDER

On September 1, 2023, the Court issued a Temporary Restraining Order, ("TRO"), that, in part, barred Defendant "from disclosing any information or publicly filing any information or materials downloaded from Kyndryl or pertaining to its information system or potential infrastructure vulnerabilities." (Doc. 8, p. 5.) Defendant expressed that he did not want to participate in a hearing on Plaintiff's request for a Preliminary Injunction, so the TRO was extended, effectively converting it into a Preliminary Injunction. (*See*, *e.g.*, Docs. 11, 17, 179.)

In May 2024, Cannady was arrested and charged with attempted extortion in the United States District Court for the Southern District of New York (the "Southern District"); the charge arose out of the same facts and circumstances that gave rise to the present case.[1] The Court stayed this case pending resolution of the criminal case, (Doc. 134), and the case remains stayed. Defendant was found guilty and was sentenced on January 27, 2026; his appeal is pending. As part of the sentence, Defendant was ordered, among other things, to

---

[1] The Court takes judicial notice of the filings in the criminal case; the case is captioned *United States v. Vincent Cannady* and the case number in the Southern District of New York is 7:24-CR-00278. The case was presided over by the Honorable Vincent Briccetti.

make restitution to Kyndryl by returning or destroying all of the files and property of Kyndryl that he took from Kyndryl, no matter where those files and property are located. [He] shall return or destroy the files and property of Kyndryl through a verifiable process under the supervision of the United States Attorney's Office, the Federal Bureau of Investigation, and, if needed, Kyndryl.

(Doc. 209-3, p. 5.)[2] Now pending are two Motions. Defendant asks the Court to stay or enjoin the Southern District's Order, contending it violates his rights. Plaintiff asks the Court to clarify that Defendant's compliance with the Southern District's Order will not violate the TRO.

Defendant's Motion, (Doc. 210), is **DENIED** without prejudice to his right to pursue whatever recourse is available on appeal from the Southern District's Order.[3] This Court does not have the authority to review the correctness of the Southern District's Order.

Plaintiff's Motion, (Doc. 209), is **GRANTED**. The TRO does not prohibit Defendant from complying with the Southern District's Order. Moreover, the TRO shall not be construed as prohibiting Defendant from complying with any Orders issued by the Southern District in connection with his criminal case. In all other respects, the TRO shall remain in effect pending further Order of the Court.

**IT IS SO ORDERED.**

DATE: March 16, 2026

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The page number is the page number from the Judgment and Commitment Order, not the page number generated by the CM/ECF system.

[3] In this regard, the Court notes that on March 5, 2026, the Second Circuit issued an Order stating Defendant's emergency motion for a stay would be heard by a three-judge motion panel but denied Defendant's request for an interim stay pending the panel's decision.