# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

KYNDRYL, INC.,             )
                                    )
          Plaintiff,       )
                                    )
v.                              )      Case No. 23-03279-CV-S-BP
                                    )
VINCENT CANNADY        )
                                    )
          Defendant.   )

## ORDER DENYING DEFENDANT'S MOTION TO CLARIFY

On September 1, 2023, the Court issued a Temporary Restraining Order, ("TRO"), that, in part, barred Defendant "from disclosing any information or publicly filing any information or materials downloaded from Kyndryl or pertaining to its information system or potential infrastructure vulnerabilities." (Doc. 8, p. 5.) Defendant expressed that he did not want to participate in a hearing on Plaintiff's request for a Preliminary Injunction, so the TRO was extended, effectively converting it into a Preliminary Injunction. (*See*, *e.g.*, Docs. 11, 17, 179.)

In May 2024, Cannady was arrested and charged with attempted extortion in the United States District Court for the Southern District of New York (the "Southern District"); the charge arose out of the same facts and circumstances that gave rise to the present case.[1] The Court stayed this case pending resolution of the criminal case, (Doc. 134), and the case remains stayed.

Defendant was found guilty and was sentenced on January 27, 2026; his appeal is pending. As part of the sentence, Defendant was ordered, among other things, to

> make restitution to Kyndryl by returning or destroying all of the files and property of Kyndryl that he took from Kyndryl, no matter where those files and property are located. [He] shall return or destroy the files and property of Kyndryl through a

---

[1] The Court takes judicial notice of the filings in the criminal case; the case is captioned *United States v. Vincent Cannady* and the case number in the Southern District of New York is 7:24-CR-00278. The case was presided over by the Honorable Vincent Briccetti.

verifiable process under the supervision of the United States Attorney's Office, the Federal Bureau of Investigation, and, if needed, Kyndryl.

(Doc. 209-3, p. 5.)[2]

After the Southern District imposed the sentence, the parties filed separate Motions in this case. Plaintiff asked the Court to clarify that Defendant's compliance with the Southern District's Order would not violate this Court's Orders, and Defendant asked the Court to stay or enjoin the Southern District's Order. On March 16, 2026, the Court granted Plaintiff's Motion and denied Defendant's Motion. (Doc. 215.) Now pending is Defendant's Motion to Clarify, which (1) poses a series of questions he wants the Court to answer and (2) asks the Court to specify what he can and cannot do.

There is no need for clarification. The March 16 Order left the TRO in place, and the TRO specifies what Plaintiff can and cannot do. There was no need for the March 16 Order to reiterate the TRO's terms. With respect to Defendant's questions: some are addressed in the Court's Orders (including this Order and the March 16 Order), and the Court discerns no need to directly respond to Defendant's inquiries. The remaining questions seek information about hypothetical events, which the Court cannot answer. Accordingly, the Motion to Clarify, (Doc. 219), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: April 27, 2026                     UNITED STATES DISTRICT COURT

---

[2] The page number is the page number from the Judgment and Commitment Order, not the page number generated by the CM/ECF system.

2