KYNDRYL, INC., )
)
              Plaintiffs, )
)
v. )     Case No. 23-03279-CV-S-BP
)
VINCENT CANNADY )
)
              Defendant. )

## ORDER (1) DENYING DEFENDANT'S MOTION FOR CLARIFICATION, PROTECTIVE ORDER, AND ORAL ARGUMENT AND (2) DIRECTING PARTIES TO FURTHER ADDRESS WHETHER THE STAY SHOULD BE LIFTED

On June 11, 2024, the Court granted the parties' Joint Motion to Stay. The Order specified that the stay would remain in effect "until (1) the related [criminal] case against Defendant pending in the Southern District of New York, *United States v. Cannady*, No. 7:24-cr-00278-UA, is resolved, or (2) this Court orders otherwise." (Doc. 134.)[1] The related case in New York concluded and a judgment was entered. Thereafter, on June 9, 2026, the Court issued an Order directing the parties to address whether the stay should be lifted.

Defendant's response indicates he believes the stay should be lifted. His response also requests clarification, entry of a protective order, and an opportunity for oral argument. Plaintiff's response also suggests that the stay should be lifted and expresses Plaintiff's intent "to move for summary judgment once the Court lifts the stay" by relying "on the evidence developed in this case and in the SDNY criminal case, including [Defendant's] conviction[.]" (Doc. 240, p. 2.)

---

[1] The case number in the Southern District of New York has since been changed to 7:24-cr-00278-VB.

Initially, Defendant's Motion, (Doc. 239), is **DENIED**.  There is nothing to clarify, and Defendant provides no reason to amend the current Protective Order, (*see* Doc. 117), or any justification for oral argument.

With respect to whether the stay should be lifted, the parties agree that it should be—but Plaintiff's explanation raises additional questions.  As stated above, Plaintiff intends to seek summary judgment based on (1) evidence that has been developed in this case and in the criminal case and (2) the fact of Defendant's conviction.  However, the stay was imposed more than four months before discovery was due to close.  (*See* Doc. 112, ¶ 6 (setting discovery deadline of October 5, 2024).)  And while evidence was undoubtedly developed for use in the criminal trial, the Court is not confident that this can serve as a substitute for Defendant's opportunity to conduct discovery for *this* civil case.  Plaintiff's plan to use Defendant's conviction as evidence raises an additional issue.  Defendant is appealing his conviction, and the appeal is pending in the Second Circuit Court of Appeals.  Therefore, it may be that it is not considered "final" and therefore does not have any preclusive effect on any claims or issues in this case.

Thus, the Court is not certain that lifting the stay is appropriate.  It may be that the case should remain stayed until after the Second Circuit resolves Defendant's appeal because that will confirm whether the conviction has any preclusive effect, at which point the parties and the Court to determine whether any additional discovery is appropriate.

The parties shall respond by July 31, 2026, and address the issues discussed in this Order.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: July 15, 2026                    UNITED STATES DISTRICT COURT