**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| KYNDRYL, INC., Plaintiffs, | ) | |
| v. | ) | Case No. 23-03279-CV-S-BP |
| VINCENT CANNADY Defendant. | ) | |

**ORDER (1) DENYING MOTION FOR ORAL ARGUMENT, (2) DENYING MOTION FOR SANCTIONS, AND (3) MAINTAINING STAY**

This case commenced in September 2023 and arises from Plaintiff's allegations that Defendant (1) misappropriated its trade secrets in violation of the Defend Trade Secrets Act ("DTSA") and the Missouri Uniform Trade Secrets Act ("MUTSA") and (2) in so doing also breached a contract and converted Plaintiff's property. (Doc. 1.) In May 2024 Defendant was indicted on one count of attempted extortion in violation of 18 U.S.C. § 1951 in the Southern District of New York (the "New York case"), based on some of the events at issue in this case.

On June 11, 2024, the Court granted the parties' Joint Motion to Stay and stayed the case until the New York case concluded or the Court ordered otherwise. (Doc. 134.)[1] Defendant was convicted, and judgment was entered in the New York case in January 2026. The judgment required Defendant to return certain materials or items to Plaintiff; Defendant did not comply, and he was held in civil contempt until July 16, 2026.

Meanwhile, on June 9, 2026, the Court issued an Order directing the parties to address whether the stay should be lifted. The parties' separate responses reflected that they agreed the stay should be lifted, but the Court solicited further input because Plaintiff's response expressed

[1] The New York case is captioned *United States v. Cannady*, Case No. 7:24-cr-00278-VB.

its intent "to move for summary judgment once the Court lifts the stay" by relying "on the evidence developed in this case and in the SDNY criminal case, including [Defendant's] conviction[.]" (Doc. 240, p. 2.) However, as the Court observed:

> [T]he stay was imposed more than four months before discovery was due to close. (*See* Doc. 112, ¶ 6 (setting discovery deadline of October 5, 2024).) And while evidence was undoubtedly developed for use in the criminal trial, the Court is not confident that this can serve as a substitute for Defendant's opportunity to conduct discovery for *this* civil case.

(Doc. 245, p. 2.) The Court also questioned whether Defendant's conviction currently has preclusive effect given that the judgment is on appeal. The Court then suggested that it might be appropriate for the stay to remain in place until the Second Circuit resolves Defendant's appeal and directed the parties to address these points by July 31, 2026. (Doc. 245, p. 2.)

In its response, Plaintiff expressed its view that Defendant's (1) history of non-cooperation and obstructive behavior, (2) claimed medical issues, and (3) current incarceration demonstrate that discovery will be unproductive and therefore should be deemed unnecessary. (Doc. 248, p. 9.) Plaintiff further suggests that all necessary facts for this case were established during the trial in the New York case. (Doc. 248, p. 10.)[2] Defendant's responses expressed his belief that the discovery permitted in the New York case was insufficient for purposes of this case. (Doc. 246; Doc. 247.)

On July 31, 2026—after the parties filed their responses—Defendant was charged with one count of criminal contempt in the Southern District of New York (the "Contempt Case"). The charge is based on Defendant's failure to return the materials or items to Defendant as required by the judgment in the New York case.[3] After the Contempt Case was filed, Defendant filed a Motion

[2] Plaintiff also explained why the New York case's judgment has preclusive effect despite being the subject of an appeal. The Court is persuaded this is likely not an issue, and the matter need not be discussed further here.

[3] The Contempt Case is captioned *United States v. Cannady*, Case No. 7:26-cr-00330-PMH-1.

seeking a hearing or oral argument regarding discovery and the stay. Most of the points he raises, however, relate to his ability to comply with the New York judgment. Defendant also filed a Motion seeking sanctions against Plaintiff for its involvement in the New York case and purported involvement in the Contempt Case.

The Court now issues the following rulings. First, Defendant's Motions, (Doc. 249 and Doc. 250), are **DENIED**. There is no reason for the Court to have a hearing, and there is no basis for imposing sanctions on Plaintiff.

Second, the Court independently concludes the stay should remain in place because the Contempt Case is pending. The Court believes the issues in the two cases are intertwined, and it is preferable to have the Contempt Case concluded before recommencing proceedings in this civil case.

Finally, the Court advises it continues to believe that a period of discovery may be necessary when the stay is lifted. As the Court explained previously, the stay was imposed more than four months before discovery was due to close. (*See* Doc. 112, ¶ 6 (setting discovery deadline of October 5, 2024).) Evidence from the New York case and the Contempt Case may be relevant in this proceeding, but it is likely there are some elements of Plaintiff's civil claims for which no evidence was (or will be) developed in either criminal case. For instance, the DTSA and MUTSA claims require Plaintiff to establish that the material in question constituted "trade secrets," whereas this was not an element of the crimes charged in either the New York case or the Contempt Case. Similarly, Defendant's guilt did not depend on quantifying Plaintiff's damages. These are just two examples; there are doubtless other issues that are relevant to Plaintiff's claims here that

were not at issue in the New York case.[4] The Court reserves any determination regarding the appropriate scope of discovery until after the stay is lifted.

During the stay, all prior Orders remain in effect, including particularly the Temporary Restraining Order, (Doc. 8).[5]

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: September 1, 2026

[4] The Court is also not presently persuaded by Plaintiff's other arguments against permitting discovery. The fact that Defendant is incarcerated is not a reason to deny him the opportunity to conduct discovery. Similarly, Defendant's conduct in the New York case is not a reason to deny him the opportunity to conduct discovery in *this* case.

[5] The Temporary Restraining Order has remained in effect because Defendant declined to agree to a hearing on Plaintiff's request for a Preliminary Injunction. (*See* Doc. 11, p. 1; Doc. 17, p. 1; Doc. 45, p. 1 n.1; Doc. 92, p. 2. n.2.)