FROM: 22313045
TO: Cannady, Ruth
SUBJECT: Cannady 03279 KC motion
DATE: 10/11/2026 05:49:02 PM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KYNDRYL, INC.,
Plaintiff,
v.
VINCENT CANNADY,
Defendant.
Case No. 6:23-cv-03279 (shown in some related filings and court lists as 1:23-cv-03279; please confirm the division prefix on the official docket)
Assigned Judge: Chief District Judge Beth Phillips (Mary Elizabeth Phillips)

DEFENDANT VINCENT CANNADY'S MOTION (1) OBJECTING TO THE DESIGNATED CASE TYPE AND THE ASSERTED JURISDICTIONAL BASIS, (2) QUESTIONING JURISDICTION AND VENUE AS APPLIED TO THE SOUTHERN DISTRICT OF NEW YORK PROSECUTION, AND (3) REQUESTING AND ORDER GOVERNING THE COURT-ORDERED MEDIATION AND SETTLEMENT NEGOTIATIONS

Defendant Vincent Cannady, Proceeding pro se, respectfully moves the Court for the relief set out below, and in support states as follows:

I. RELIEF REQUESTED

1. An order addressing Defendant's objection to the case type designated on the docket as 'Contract' (Nature of Suit 190, Contract: Other) and to the asserted basis of subject-matter jurisdiction under 28 U.S.C. 1332 (Diversity-Breach of Contract).
2. An order stating, on the record, the jurisdictional and venue authority under which this Court ordered Defendant to participate in the mediation and settlement negotiation process, and the scope of confidentiality that attaches to anything said or produced in that process.
3. An order confirming that nothing in any order of this Court required Defendant, or any party, to violate any law, and confirming that compelled mediation communications will not be used, in this district or any other, in a manner inconsistent with law.
4. An order permitting briefing and, if the Court deems appropriate, a hearing on the interaction between this civil docket and the criminal proceeding pending against Defendant in the Southern District of New York, United States v. Cannady, No. 7:24-cr-00278 (VB) (S.D.N.Y.)
5. Any further relief the Court deems just and proper.

II. PROCEDURAL AND FACTUAL BACKGROUND

1. Kyndryl, Inc. filed this action on September 1, 2023. Public docket reporting lists the case as a Contract: Other matter (Nature of Suit 190) with a stated cause under 28 U.S.C. 1332 for diversity-breach of contract, assigned to Chief Judge Beth Phillips, with a large docket (well over 200 entries) and the United States of America listed among the parties as an intervenor. See the docket summaries at:
https://www.drdocket.com/case/kyndryl-inc-v-cannady-mowd-2023 ;
https://www.courtlistener.com/docket/67756069/kyndryl-inc-v-cannady/and;
https://dockets.justia.com/docket/missouri/mowdce/6:2023cv03279/171506.
2. The same reporting shows a series of substantive orders, including an order entered September 20, 2024 addressing multiple motions, an order to show cause entered June 9, 2026, and an order entered September 1, 2026 resolving motion for hearing and a motion for sanctions (Doc. 253). These entries show that the Court has been actively supervising this matter including it's mediation and settlement negotiations.
3. A filing submitted to the Supreme Court of the United States in No. 25A262 asserts that the federal prosecution of Defendant in the Southern District of New York stems not from criminal conduct, but from court-ordered settlement negotiations in the Western District of Missouri (Kyndryl v. Cannady, No. 1:23-cv-03279). That filing is available at: https://www.supremecourt.gov/DocketPDF/25/25A262/373688/20250904141332430_25A262.pdf. Defendant does not adopt every assertion in that filing as his own; he cites it only because it identifies the precise overlap of subject matter at issue here.
4.On information and belief, Chief Judge Phillips entered an order directing Defendant to participate is what the Southern District of New York has treated as factual predicate for it's case.

III. OBJECTION TO THE DESIGNATED CASE TYPE AND JURISDICTIONAL BASIS

1. Defendant objects to the designation of this action as a 'Contract' matter and to assertion of the subject-matter jurisdiction solely under the diversity statute, 28 U.S.C. 1332. Where the United States has appeared as an Intervenor, the Court should state on record whether the nature of the claims, the presence of the United States, and the character of the relief are fully captured by a diversity-breach-of-contract label, or whether the designation is incomplete.
2. Subject-matter jurisdiction cannot be waived or assumed by agreement. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Defendant therefore preserves, and asks the Court to address, both the correctness of the docketed case type and the actual basis of the

Court's jurisdiction over each claim and each party.

IV. QUESTION OF JURISDICTION AND VENUE AS APPLIED TO THE S.D.N.Y. PROSECUTION

1. Article III, Section 2, the Sixth Amendment, Fed. R. Crim. P. 21 all bear on where a criminal defendant may be tried. Defendant respectfully asks that the following question be placed on the record:

Why would the Southern District of New York have jurisdiction and venue over conduct, acts, statements, and omissions that occurred in, and were ordered by a court sitting in, the Western District of Missouri, where the only identified source of the conduct is a mediation and settlement negotiation process conducted under the authority of Chief Judge Beth Phillips of this District?

2.Defendant asks that this Court state, for the record, the geographic and subject-matter limits of it's own orders, so that there is no ambiguity about whether anything ordered in this District was ever intended to reach conduct cognizable in another district.

V. THE MEDIATION ORDER AND THE LIMITS OF JUDICIAL AUTHORITY

1. Defendant's position is stated precisely: a court may order parties to participate in mediation or settlement negotiations, and Defendant has not refused this Court's process. What a court may not do is treat compliance with it's own lawful process as a predicate for a charge in a different district, or issue an order whose terms cannot be reconciled with the law or with the processes of another court.

2. Defendant therefore asks the Court to define clearly, in writing, (a) exactly what the mediation order requires, (b) the confidentiality and privilege that attach to statements made in court-ordered mediation, including the protections reflected in Fed. R. Evid. 408, and (c) whether any subsequent use of compelled mediation communications outside this District has been authorized by this Court. If no such authorization exists, Defendant asks the court to say so expressly.

3. Defendant does not contend that this Court intentionally ordered any unlawful act. He contends that the record must be made clear so that no other tribunal can attribute to this Court an order it never entered, and so that Defendant is not placed in the position of having to choose between obeying this Court and protecting himself in another.

VI. REQUEST FOR REVIEW OF THE INTERACTION BETWEEN THE TWO PROCEEDINGS

1. Defendant requests that the Court take judicial notice of the parallel criminal docket, United States v. Cannady, No. 7:24-cr-00278 (VB) (District Judge Vincent L. Bericcetti), and state whether the civil mediation order and the criminal case can both be given full effect without conflict.

2. If the Court concludes that the two proceedings intersect, Defendant requests an order that clarifies the priority, scope, and protective measures applicable to his participation in mediation, so that his compliance with this Court's orders is not later used against him.

VII. CONCLUSION

For the reasons stated, Defendant respectfully requests that the Court (1) address the objection to the designated case type and the asserted jurisdictional basis, (2) state the authority and scope of the mediation and settlement negotiation order, (3) confirm that no part of that order requires or contemplates unlawful conduct, (4) permit briefing on the relationship between this docket and the Southern District of New York prosecution, and (5) grant any other relief the Court deems just.

Respectfully submitted,

/s/ Vincent Cannady, Defendant, pro se
Register No. 22313-045
MDC Brooklyn, P.O. Box 329002, Brooklyn, NY, 11232
Date: October 11th, 2026

Vincent Cannady
22313-045
Metropolitan Detention Center Brooklyn
Brooklyn, NY, 11232
P.O. Box 329002



Clerk of Court
U.S. District Court
400 east 9th
kansas city, MO, 64110

SCREENED BY
U.S MARSHALS

23-cv-3279-BP

JC

Legal Mail

64106$2607 C031